FILED

AUG   7 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1   PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

2   Name __VANEGA_____SANTIAGO_____

                (Last)              (First)              (Initial)

3   Prisoner Number __C-45939_____

4
    Institutional Address __CSP-SOLANO, 2100 Peabody Rd, Vacaville CA 95696
5

6   =====================================================

                    UNITED STATES DISTRICT COURT
7                   NORTHERN DISTRICT OF CALIFORNIA

8   SANTIAGO VANEGA_____
    (Enter the full name of plaintiff in this action.)      CV  08  3776

9
                        vs.                      Case No. _____
10  D. K. SISTO, WARDEN                          (To be provided by the clerk of court)

11  _____             PETITION FOR A WRIT
                                                 OF HABEAS CORPUS
12  _____
                                                 E-filing
13  _____

14  (Enter the full name of respondent(s) or jailor in this action)

15

16  ====================================================
                Read Comments Carefully Before Filling In

17  When and Where to File

18          You should file in the Northern District if you were convicted and sentenced in one of these

19  counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa,

20  San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in

21  this district if you are challenging the manner in which your sentence is being executed, such as loss of

22  good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

23          If you are challenging your conviction or sentence and you were not convicted and sentenced in

24  one of the above-named fifteen counties, your petition will likely be transferred to the United States

25  District Court for the district in which the state court that convicted and sentenced you is located. If

26  you are challenging the execution of your sentence and you are not in prison in one of these counties,

27  your petition will likely be transferred to the district court for the district that includes the institution

28  where you are confined. Habeas L.R. 2254-3(b).

1   Who to Name as Respondent

2       You must name the person in whose actual custody you are. This usually means the Warden or

3   jailor. Do not name the State of California, a city, a county or the superior court of the county in which

4   you are imprisoned or by whom you were convicted and sentenced. These are not proper

5   respondents.

6       If you are not presently in custody pursuant to the state judgment against which you seek relief

7   but may be subject to such custody in the future (e.g., detainers), you must name the person in whose

8   custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack

9   was entered.

10   A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11       1. What sentence are you challenging in this petition?

12          (a)   Name and location of court that imposed sentence (for example; Alameda

13              County Superior Court, Oakland):

14       **San Francisco County**      **850 Bryant St. Rm. 101**

15          Court                 Location

16          (b)   Case number, if known **106195**

17          (c)   Date and terms of sentence **5-27-1982**

18          (d)   Are you now in custody serving this term? (Custody means being in jail, on

19              parole or probation, etc.)      Yes **X**   No _____

20              Where?

21              Name of Institution: **CSP-Solano,**

22              Address: **2100 Peabody Rd. Vacaville CA 95696**

23       2. For what crime were you given this sentence? (If your petition challenges a sentence for

24   more than one crime, list each crime separately using Penal Code numbers if known. If you are

25   challenging more than one sentence, you should file a different petition for each sentence.)

26

27

28

PET. FOR WRIT OF HAB. CORPUS    - 2 -

3. Did you have any of the following?

    Arraignment:                         Yes _____    No _____

    Preliminary Hearing:          Yes _____    No _____

    Motion to Suppress:           Yes _____    No _____

4. How did you plead?

    Guilty _____    Not Guilty _____    Nolo Contendere _____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury _____    Judge alone _____    Judge alone on a transcript _____

6. Did you testify at your trial?           Yes _____    No _____

7. Did you have an attorney at the following proceedings:

    (a)   Arraignment                 Yes _____    No _____

    (b)   Preliminary hearing       Yes _____    No _____

    (c)   Time of plea              Yes _____    No _____

    (d)   Trial                     Yes _____    No _____

    (e)   Sentencing                Yes _____    No _____

    (f)   Appeal                   Yes _____    No _____

    (g)   Other post-conviction proceeding   Yes _____    No _____

8. Did you appeal your conviction?      Yes _____    No _____

    (a)   If you did, to what court(s) did you appeal?

         Court of Appeal             Yes _____    No _____

         Year: _____    Result: _____

         Supreme Court of California     Yes _____    No _____

         Year: _____    Result: _____

         Any other court            Yes _____    No _____

         Year: _____    Result: _____

    (b)   If you appealed, were the grounds the same as those that you are raising in this

| | | | | |
|---|---|---|---|---|
| 1 | | petition? | Yes _____ | No_____ |
| 2 | (c) | Was there an opinion? | Yes _____ | No_____ |
| 3 | (d) | Did you seek permission to file a late appeal under Rule 31(a)? | | |
| 4 | | | Yes _____ | No_____ |

5   If you did, give the name of the court and the result:

6   _____

7   _____

8   9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9   this conviction in any court, state or federal?                    Yes _____    No_____

10   [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11   challenged the same conviction you are challenging now and if that petition was denied or dismissed

12   with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13   for an order authorizing the district court to consider this petition. You may not file a second or

14   subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15   U.S.C. §§ 2244(b).]

16   (a)    If you sought relief in any proceeding other than an appeal, answer the following

17         questions for each proceeding. Attach extra paper if you need more space.

18         I.    Name of Court: _____

19               Type of Proceeding: _____

20               Grounds raised (Be brief but specific):

21               a. _____

22               b. _____

23               c. _____

24               d. _____

25               Result: _____ Date of Result:_____

26         II.   Name of Court: _____

27               Type of Proceeding: _____

28               Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

III.  Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

IV.  Name of Court: _____

Type of Proceeding: _____

Grounds raised (Be brief but specific):

a._____

b._____

c._____

d._____

Result: _____ Date of Result:_____

(b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

Yes _____     No_____

Name and location of court: _____

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS        - 5 -

1   need more space.  Answer the same questions for each claim.

2   [Note:  You must present ALL your claims in your first federal habeas petition.  Subsequent

3   petitions may be dismissed without review on the merits.  28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4   499 U.S. 467,  111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5   Claim One:   **PETITIONER IS BEYOND HIS MAXIMUM BASE TERM FOR**

6   **RELEASE.**

7   Supporting Facts: **Petitioner has now served more than 18 years**

8   **beyond his base term of 2-8-1990 and the parole Board**

9   **is violating his due process rights by not granting him**

10  **parole.**

11  Claim Two:

12

13  Supporting Facts:

14

15

16

17  Claim Three:

18

19  Supporting Facts:

20

21

22

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25

26

27

28

PET. FOR WRIT OF HAB. CORPUS       - 6 -

1         List, by name and citation only, any cases that you think are close factually to yours so that they

2    are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning

3    of these cases:

4    In re Monigold (1988)205 Cal. App. 3d 1224; People v Harmon

5    54 Cal. 2d 9, ; In re Estrada (1965) 63 Cal. 2d 745-746;

6    

7    Do you have an attorney for this petition?                                Yes_____    No__**X**__

8    If you do, give the name and address of your attorney:

9    

10         WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in

11    this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12    

13    Executed on _____**7-21-08**_____                    _Sontiago Venzya_

14            Date                                         Signature of Petitioner

15    

16    

17    

18    

19    

20    (Rev. 6/02)

21    

22    

23    

24    

25    

26    

27    

28

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:　　California State Prison - Solano
　　　　　　　　　　　　Housing: **19-238L**
　　　　　　　　　　　　P.O. Box 4000
　　　　　　　　　　　　Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

Case Name: __**SANTIAGO VANEGA**__　　　　　　　　Case #: **S156676**

Document(s) Served: **HABEAS CORPUS**

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

**UNITED STATES DISTRICT COURT**　　　**CALIFORNIA ATTORNEY GENERAL**
**NORTHERN DISTRICT OF CALIFORNIA**　　**450 Golden Gate Ave. Ste. 11,000**
**450 Golden Gate Ave.**　　　　　　　**San Francisco CA 94102-7004**
**San Francisco CA 94104-3883**

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on _____, in Vacaville, California.

　　　　　　　　　*"date"*

Signature: _____

Printed Name: _SANTiago VANEGA_

Case # (if applicable):  **S156676**                              **7-31-**   , 200**8**

To:      **CLERK OF THE COURT**
         [ ] SUPERIOR COURT                    [X] FEDERAL DISTRICT COURT
         [ ] COURT OF APPEAL                   [ ] FEDERAL COURT OF APPEAL
         [ ] CALIFORNIA SUPREME COURT          [ ] U.S. SUPREME COURT

From:    **SANTIAGO VANEGA**                   CDC #:  **C-45939**
         California State Prison - Solano
         Housing: **19-238L**
         P.O. Box 4000
         Vacaville, California 95696-4000

Re:      [X] PETITION FOR WRIT OF HABEAS CORPUS
         [ ] PETITION FOR REHEARING/RECONSIDERATION
         [ ] PETITION FOR REVIEW
         [ ] BRIEF ON APPEAL
         [ ] MOTION TO COURT

Case:    [ ] IN RE _____
         [ ] PEOPLE v. _____
         [ ] OTHER: _____


Dear Clerk:

     I am presently incarcerated at the California State Prison - Solano, in Vacaville.  Due to my incarceration, indigency or minimal funds, and the current policy of the California Department of Corrections as stated in Deputy Director Memorandum 15/04, I cannot provide the required number of copies as required by the Rules of Court.

     Therefore, I must respectfully request that the court make the required additional copies and to serve any required copies on other parties as necessary.

     Furthermore, please send a conformed copy of the documents back to me as a receipt of filing.  I apologize for any inconvenience that this may have caused.

                                             Respectfully submitted,

                                             Santiago Vanega

SANTIAGO VANEGA
C-45939- 19-238L
P.O. BOX 4000
VACAVILLE CA. 95696-
4000

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

SANTIAGO VANEGA                             No.

    PETITIONER                          S.C. No. S156676

     v                               PETITIONER FOR WRIT OF HABEAS
                                            CORPUS
D.K. SISTO, WARDEN

    RESPONDENT

---

Petitioner is appealing the denial of his petition by the California Supreme Court on May 19, 2008, without an opinion. See exhibit A Supreme Court denial.

Petitioner habeas corpus deals with him having served far more time on his sentence than the law allows, he has exceeded the maximum eligible base date for parole by 18 years and counting requiring this court to grant his petition.

The silence denial by the Supreme Court is no denial that can be supported by the U.S. Constitution requiring this court to examine his petition and reversing the denial.

Submitted 7-21-2008

Santiago Vanega

IN Pro Se

---

S156676

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re SANTIAGO VANEGA on Habeas Corpus

The petition for writ of habeas corpus is denied. (See *In re Swain* (1949) 34 Cal.2d 300, 304; *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

SUPREME COURT
**FILED**

MAR **1 9** 2008

Frederick K. Ohlrich Clerk

_____

Deputy

_____GEORGE_____
Chief Justice

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

In re SANTIAGO VANEGA,

on Habeas Corpus.

A118576

(San Francisco County
Superior Court Writ No. 5551)

FILED

Court of Appeal First Appellate District

AUG 0 2 2007

Diana Herbert, Clerk

By _____ Deputy Clerk

THE COURT:[*]

The petition for a writ of habeas corpus is denied.

Dated: AUG 0 2 2007

McGUINESS, P.J.

_____

[*] McGuiness, P.J., Pollak, J. & Siggins, J.

ENDORSED
F I L E D
San Francisco County Superior Court

JUN 1 9 2007

GORDON PARK-LI, Clerk
BY: _____ MARIA GONZALEZ
Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE CITY AND COUNTY OF SAN FRANCISCO**

**Department No. 22**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION ) OF ) | **WRIT NO. 5551** SCN 106195 |
| **SANTIAGO VANEGA** ) ) | |
| Petitioner, ) ) | **ORDER** |
| FOR WRIT OF HABEAS CORPUS ) ) | |

Prison inmate Santiago Vanega ["Petitioner"] had filed a petition for writ of habeas corpus.

Petitioner was sentenced to 15 years-to-life for second-degree murder and 7 years for robbery with a firearm in 1982. He complains that the California Department of Corrections and Rehabilitation and the Board of Parole Hearings have illegally extended his parole date on the life term by failing to apply the work-time credits he has earned under Penal Code section 2933.

1

1.    Petitioner has raised the same claim in a previous habeas
2    corpus petition filed in this Court (Writ 5053).  This Court
3    found the claim lacked merit, stated the reasons for this
4    conclusion, and denied the petition.  The present petition does
5    not show a substantial change in the relevant facts or law.
6    This petition for writ of habeas corpus is therefore DENIED.
7    (*In re Robbins* (1998) 18 Cal.4th 770, 777-78; *In re Clark* (1993)
8    5 Cal.4th 750, 774-75; *In re Miller* (1941) 17 Cal.2d 734, 735.)
9
10
11
12
13    Dated: _____    _____
14                                       Judge of the Superior Court
15                                            JAMES J. McBRIDE
16
17
18
19
20
21
22
23
24
25

2

"[A] petitioner may avoid the Bar of untimeliness with regret to a claim raised by writ of Habeas Corpus by establishing absence of substantial delay, which is measured from the time the petitioner or his Counsel know, or reasonbly should have known of the information offered in support of the claim and legal basis for the crime." (In re Robbins, (1988), 18 Cal.4th 770; In re Clark, (1993), 5 Cal.4th 750).)

> > In context of criminal appeals, a Habeas Corpus petition is not entitled to a presumption of timeliness if it is filed more than 90 days after the final due date for the filing of appellant's "opening brief" on direct appeal. Such a case, to avoid the Bar of untimeliness with respect to each claim, the petitioner has the burden to establish, (i) Absence of substantial delay; (ii) Good cause for the delay; or (iii) That the claim falls within the exception to the Bar of untimeliness. (In re Robbins, supra, 18 Cal.4th at p. 780.)

Petitioner contends that the claim presented here in the intent, petition falls within an exception to the Bar of untimeliness, therefore all procedural barriers should be lifted to address the merits of the Constitutionality of each claim, because collateral review will frequently be the only means through which an accused can effectuate the right to Constitutional claims, restricting the litigation of the Due Process Clause associated with the 8th and 14th Amendment(s) claims to petitioner herein sentenced to an "Indeterminate term under section 1168, when that the felony was committed on or after; July 1, 1977, the Board of Prison Hearings shall provide for release from prison as provided by this code," in which petitioner has exceeded over his maximum base date toward release, and direct review would seriously interfere with an accused's right to "due process," and "equal protection" of the United States, and California Constitution(s).

A layman will ordinarily be unable to recognize that his "due process," and "equal protection" rights are violated to evaluate court protocol and procedure, and to recognize the Extrajudicial consequences also abuse of process within the Board of Prison Heearings and the Department of Corrections, Cf. People v. Community Release Bd., (1979), 96 Cal.App.3d 800; In re Estrada, (1965), 63 C.2d 745-746. Also see In re Oluwa, (1989), 207 Cal.App.3d 445; and In re Diaz, (1993), 13 Cal.App.4th 1758.

1.

IN THE SUPREME COURT OF CALIFORNIA

IN PROPIA PERSONA

In Re: Santiago Vanega,
          Petitioner,

SUPERIOR COURT No. 106195
APPELLATE COURT No. A118516

ON HABEAS CORPUS          /

PETITION FOR WRIT OF HABEAS CORPUS
OBJECTING THE RULINGS SET FORTH
BY THE APPELLATE COURT OF SAN
FRANCISCO, CALIFORNIA

TO: THE JUSTICE(S) OF THE CALIFORNIA SUPREME COURT

1.    Petitioner contends, that his time of imprisonment has exceeded over the maximum eligible base date, which was September 14, 2001, which was calculated by California Department of Corrections & Rehabilitation's staff: R. GONZAEL, CASE RECORDS STAFF, on June 11, 1992 pursuant to: In re Monigold, (1988), 205 Cal.App.3d 1224, (See EXHIBIT'S MARKED 'A' THEREIN WRIT ON HABEAS CORPUS).

2.    Petitioner asserts, when the determinate sentenceact was enacted and became opertive on July 1, 1977, the legislature mandated in penal code § 3000 subdivision (a), in pertinent part, "at the expiration of a term of imprisonment of one year and one day, or a term of imprisonment imposed pursuant to § 1170, or at the expiration of such term as reduced pursuant to § 2931, if applicable, the prisoner shall be RELEASED ON PAROLE. A life sentence with the possibility of parole under the new law combines features of the DSL and ISL sentencing system.    Parole release dates are to be set in manner that will provide uniform terms of offenses of similar gravity and magnitude in respect to their threat to the public. (§ 3041, subd. (a).)

3. A legislative mitigation of the penalty for a particular crime represents a ligislative judgment that the lesser penalty or different treatment is sufficient to meet the ligitimate ends of the criminal law.    Nothing is to be gained by imposing the more severe penalty after such a pronouncement; the excess in punishment can, by hypothesis serve no purpose other than to satisfy a desire for vengenance.

1

Consequently a criminal defendant will rarely know the abuse of process consequences not founded upon or dependent upon the authority of a court. Indeed, an accused will often not realize ·that he has a meritorious "due process," and "equal protection" claim until he has begun collateral review proceedings. Here in the present case, it was not until January 2007, where as petitioner could review the record and consult with colleauges, and his own research and adequate review, it was determined that petitioner was exceeded far over his maximum base date for release from prison required by penal code sections § § § 1168; 1170.2 subd. (a), and 3046.

Petitioner did not, at the time of the guilty verdict served upon him otherwise know of the parole consequences would occur. The sentencing judge awarded a parole period not to exceed 5 years, which is contrary to section 1168, for Indeterminate sentences not to exceed 3 years. The Board of Prison Hearings is in error for adopting, altering, or administering regulations, in violation of Government Codes § § 11342.1, and 11342.2.

The manifest need for time limits on collateral attacks on criminal judgments, however, must be tempered with knowledge that mistakes in the Department of Corrections and Board of Prison Hearings are sometimes made. Despite the substantive and procedural protections afforded those accused of committing crimes, the basic charters, governing our society wisely hold open a final possibility for prisoner(s) to prove their parole release was unjustly calculated.

Here in the present case, petitioner is a first termer with no prior felony, nor any prior criminal convictions, yet his mitigating circumstance(s) pursuant to California Code & Regulations Tit. 15, Div. 2, Sec. 2322, was by-passed and or overlooked, not to have petitioner's period of confinement reduced. Also the fact that the Board of Prison hearings has recalculated petitioner's credit sheet to exceed far beyond the maximum base date towards release. Petitoner signed a "irrevocable" waiver to receive P.C. §2933 day for day credits in place of P.C. §2931 two days for one credit, in which the Department of Corrections reneged or defaulted upon the penal code section §2934 waiver agreement, in which the Department of Corrections accepted.

Independent investigation states interest in the finality of its criminal judgments, though strong, does not require that the court incongrous, and harsh, result of foreclosing Habeas Corpus.

2.

The State and Federal Constitutions both guarantee that person(s) deprived of their liberty have the right to petition for writ "has been aptly termed the safeguard and palladium of our liberties," it may be the last safeguard our judicial system provides for person(s) whose parole procedures are wrongful. For example, it says that the writ of Habeas Corpus shall not be suspended unless required by the public safety in cases of rebellion or invasion. One of the most important guarantees of individual liberty, the writ is designed to protect against, "since the Legislature did not expressly state whether the amendment was to apply retroactively to person(s) whose convictions had become final, and Legislation reducing punishment for crime may Constitutionally be applied to prisoner(s) whose judgments have become final, the Legislature must be presumed to have intended that such prisoner(s) receive the benefit of the penalty reduction."   People vs. Community Release Bd., (1979), 96 Cal.App.3d 792.

It requires that a person who is detained be brought before a judge or make the corrective changes in the abstract of judgment, for investigation, so that the court literally, have the body.   Confiment of the person where his sufferings are unknown or forgotten, is a less public, a less striking and therefore a more dangerous engine of arbitrary government.

The ability to raise "due process," and "equal protection" claims based in whole must yield to the imperative of correcting a fundamentally unjust parole sham.  The Department of Corrections procedural default substantially undercust any predictions of unremedied maniest injustices.  Fundamental fairness [that] is the central concern of the writ of Habeas Corpus. "The writ of Habeas Corpus is the fundamental instrument for safeguarding individual's freedom against arbitrary and lawlesss State action."  Holms v. Nelson, 394 U.S. 286, 290-291, (1969).   The court...shall dispose of the matter as law and justice require, as this ensures that the great writ should be the substance of "justice," not the form of procedure. Brown v. Allen, 344 U.S. 443, 498, (1953).

In Mensley v. Municipal Court, 4111 U.S. 345, 349-350, (1973), the trial court similarly emphasized this approach stating, "our recent decision have reasoned from the premise that Habeas Corpus is not a static, narrow, formalistict remedy, but one which must retain 'ability to cut through barriers of form and procedural mazes; Harris v. Nelson, 394 U.S.

3.

286, 291, (1969)." The very nature of the writ demands that it be administered with the initative and flexibility essential to insure that EXTRAJUDICIAL miscarriages of administrative agencies whether its reach are surfaced and corrected. Way v. Superior Court, supra, 74 Cal.App.3d 165.

"Thus, the Department of Corrections, and Board of Prison Hearings has consistently rejected interpretation of the Habeas Corpus statute that would suffocate the writ in stifling-formalistis or hobble its effectiveness with manuals of arcane and scholastic procedural requirements." See also Younger v. Superior Court, 21 Cal.3d 102, 117-118, (1967), ["Fundmental fairness is the central concern of the writ of Habeas Corpus"].

This would clearly reqire at least some consideration of the character of the Constitutional claim, Cal.Const., art. 3, Sec. 3.5; also see U.S. Constitution(s) Eighth, and Fourteenth Amendments. Although a Constitutinal claim that may establish innocence is clearly the only type of Constitutional claim that implicates "fundamental fairness; and that compelsreview regardless of possible procedural defaults." Ross v. Lundy, 455 U.S. 509, 543-544, (1982). Here in the instant action, petitioner raises an abuse of process, combined with EXTRAJUDICIAL consequences within the Board of Prison Hearings, and the Department of Corrections, not understanding the consequences of parole, and now exceeding far beyond his maximum base date for release on parole, and not receiving his justcredit reductions within the waiver agreement. Had petitioner known these factors before being tried before a jury, he would have prompted his Attorney to ask for a lesser included charge.

"[I]f the procedural default is the result of an abuse of process, the Fourteenth Amendment itself requires the responsibility for the default be imputed to the State, which may not [conduct] trials which person(s) who face incarceration must defend themselves from EXTRAJUDICIAL consequences." Way v. Superior Court, supra, 74 Cal.App.3d 165, see also People v. Community Release Bd., (1979), 96 Cal.App.3d 800. Abuse of process in post-conviction can be a cause for purpose of lifting a procedural Bar, otherwise a petitioner would be stuck with whatever his post-conviction parole procedure would have administered, however unjust. California Dept. of Corrections v. Morales, 514 U.S. 499, 511, (1995).

Our State Constitution guarantees that a person improperly deprived of his liberty has the right to petition for a writ of Habeas Corpus, (Cal.Const.art., I, sec. 11; see In re

4.

Clark, (1993), 5 Cal.4th 750).

The instant petition sets forth and states fully with particularity the facts on which relief is sought, the court should reach the merits of these claims and dispose of the matter as the law and Government statutes so require.

NOTHING FOLLOWS

//                                                                                                    //


//                                                                                                    //


//                                                                                                    //


//          *                                                                                         //


//                                                                                                    //


//                                                                                                    //

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

In re Santiago Vanega,
PETITIONER

On Habeas Corpus

Case No. 106195

REQUEST FOR APPOINTMENT
OF COUNSEL AND
DECLARATION OF INDIGENCY

I, **Vanega,**, declare that I am the petitioner to the above-referenced matter, that I am incarcerated at **CSP SOLANO** Prison, and that I am indigent and unable to afford counsel. My total assets are $ **ZERO** and my income is $ **0.00** per month.

I hereby request that counsel be appointed in this matter so that my interests may be protected by the professional assistance required.

I declare under penalty of perjury that the foregoing is true and correct and this declaration was executed on April 6, 2007, at CSP SOLANO PRISON, VACAVILLE CALIFORNIA

_____
Petitioner

MC–275

Name  Santiago Vanega,

Address  21 – Building, F–7–Up,

C.S.P. Solano, P.O. Box 4000

Vacaville, California  95696–4000

CDC or ID Number  C–45939

### IN THE SUPREME COURT OF CALIFORNIA

_____

(Court)

| | |
|---|---|
| **IN RE: Vanega** <br> Petitioner <br><br> vs. <br><br> **D.K. SISTO** <br> Respondent | **PETITION FOR WRIT OF HABEAS CORPUS** <br><br> No. _____ <br> *(To be supplied by the Clerk of the Court)* |

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use <br> Judicial Council of California <br> MC-275 [Rev. January 1, 2007]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.; <br> Cal. Rules of Court, rule 8.380 <br> www.courtinfo.ca.gov <br> American LegalNet, Inc. <br> www.FormsWorkflow.com

MC–275

**This petition concerns:**

[ ] A conviction                    [X] Parole

[ ] A sentence                      [ ] Credits

[ ] Jail or prison conditions       [ ] Prison discipline

[ ] Other (specify): _____

1. Your name: __Santiago Vanega__

2. Where are you incarcerated? __C.S.P. Solano, Vacaville Ca.__

3. Why are you in custody?  [X] Criminal Conviction  [ ] Civil Commitment

   *Answer subdivisions a. through i. to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

      __Second Degree Murder, With Use ofa Firearm, and Robbery;__

   b. Penal or other code sections: __Penal Code § § § 187, 12022.5 and 211;__

   c. Name and location of sentencing or committing court: __Superior Court of California, County of San__
      __Francisco, 850 Bryant Street, Rm. 101, S.F. Ca. 94103__

   d. Case number: __A118576__

   e. Date convicted or committed: __March 9th, 1982__

   f. Date sentenced: __April 14th, 1982__

   g. Length of sentence: __15-years-to-life INDETERMINATE, 5-YEARS plus 2-YEARS DETERMINATE;__

   h. When do you expect to be released? __OVERDUE FOR RELEASE__

   i. Were you represented by counsel in the trial court?  [X] Yes.  [ ] No. If yes, state the attorney's name and address:

      __Melicios Santa__

      _____N/A_____

4. What was the LAST plea you entered? *(check one)*

   [X] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

   [X] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

**MC–275**

6.  GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PETITIONER IS BEYOND HIS MAXIMUM BASE TERM FOR RELEASE, BUT THE SUPERIOR COURT
DENIED THE PETITION BASED ON A PREVIOUS PETITION FILED WITH THE SAME RELEVANT
FACTS, DENYING PETITIONER HIS DUE PROCESS OF A FAIR JUDGMENT.

a.  Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where). (if available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

On March 30, 2007, petitioner served both, the Superior Court of S.F., and the Attorney General with
writs of Habeas Corpus' executed April 6, 2007. After 45 working days, petitioner received no answer,
nor response from the Superior Court that the petition had been received and filed. On May 26, 2007,
petitioner wrote both, the Superior Court and Attorney General requesting an status update about his
petition, and received no response nor answer from neither party. After 62 working days, on June 18,
2007, petitioner filed an CR-175, resubmitting the petition back to the Superior Court on or about
June 22, 2007. On July 10, 2007, petitioner received the court's order for denial, writ 5551 for
reason the writ was already submitted under 5053. Petitioner argues, that writ 5053 was not produced
to be active showing that it was received and filed, therefore petitioner's Due Process under the 14th
Amdt. has been clearly violated.

b.  Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

N/A

7. **Ground 2 or Ground** _____ *(if applicable):*                                   MC–275

_____ N/A _____

a. Supporting facts:

b. Supporting cases, rules, or other authority:

MC–275

8. Did you appeal from the conviction, sentence, or commitment?  ☐ Yes.  ☒ No.  If yes, give the following information:

   a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
   _____

   b. Result _____  c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. Issues raised:  (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:
   _____

9. Did you seek review in the California Supreme Court?  ☐ Yes  ☒ No.  If yes, give the following information:

   a. Result _____  b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. Issues raised:  (1) _____

      (2) _____

      (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

   _____ N/A _____
   _____

11. Administrative Review:

   a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

   b. Did you seek the highest level of administrative review available?  ☒ Yes.  ☐ No.
      *Attach documents that show you have exhausted your administrative remedies.*

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, **MC–275** commitment, or **issue** in any court? ☐ Yes. If yes, continue with number 13.    ☒ No. If no, skip to number 15.

13. a. (1) Name of court: _____

    (2) Nature of proceeding (for example, "habeas corpus petition"): _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  b. (1) Name of court: _____

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

       (b) _____

    (4) Result *(Attach order or explain why unavailable):* _____

    (5) Date of decision: _____

  c. *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____ N/A _____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

_____ N/A _____

16. Are you presently represented by counsel? ☐ Yes.    ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes.    ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____ N/A _____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: September 22, 2007    ▶ _Santiago Vanega_
                                     (SIGNATURE OF PETITIONER)

In Re: Santiago Vanega,
          **Petitioner,**

HABEAS CORPUS No. 5551
APPEALLATE COURT No. A118576

**ON HABEAS CORPUS** _____ /

**TRAVERSE SUPPLEMENTAL ADDENDUM
OBJECTING THE RULING SET FORTH
IN THE COURT OF APPEAL**

TO: THE HONORABLE JUSTICE(S) IN THE SUPREME COURT

Comes now petitioner, Santiagao Vanega, a first term prisoner ILLEGALLY Incarcerated in C.S.P. Solano, Vacaville California.   D.K. Sisto, is the Warden and overall custodian for petitioner.

In good faith, petitioner hereby OBJECTS to the ruling rendered by the Court of Appeal, First Appeallate District, Division Three.   The honorable Judge McGuiness, presiding, affirmed the petition dated August 2, 2007, attached hereto.

Petitioner contends, that on March 30, 2007, he served both, the Superior Court of San Francisco, and the Attorney General, a writ of habeas corpus, an MC-275 and a petition showing time delay, as shown in Exhibit's marked 'A'.   After sixty (60) working days the Superior Court of San Francisco, FAILED TO GIVE PETITIONER NOTICE THAT THE PETITION HAD BEEN RECEVIED AND FILED UNDER WRIT 5053.   Petitioner took evasive action by first writing both, the Superior Court, and the Attorney General, requiring an STATUS UPDATE, as shown in Exhibit's marked 'B'.

Under Writ 5053, the Superior Court still was in ABSENT's OF NOTIFYING PETITIONER THAT THE WRIT HAD BEEN RECEIVED AND FILED. On June 18, 2007, petitioner filed and CR-175, 'NOTICE AND REQUEST FOR RULING' to the Superior Court, and as filed by the Superior Court, on June 19, 2007, the Superior Court of San Francisco, Dept. 22, rendered their decision denying the petition for not showing SUBSTANTIAL CHANGE IN RELEVANT FACTS OF LAW.

1.

Under Writ 5551, the Superior Court concluded that, "petitioner raised the same claim in a previous Habeas Corpus petition filed in this court under Writ 5053".

Petitioner asserts, Writ 5053 was not PRODUCED TO BE ACTIVE AND WAS NOT FORWARDED TO PETITIONER, to verify that it was RECEIVED and FILED by the Court. Petitioner question's, if the writ was received and filed under writ 5053, then why did the Appeal's Court deny the petition filed under writ 5551, rather than writ 5053?

The Superior Court of San Francisco, is in error which resulted in "PREJUDICE." Here petitioner was prejured by waiting for the Court's reply, an attempt was made by petitioner with the included letter for a STATUS UPDATE, with no reply or answer from the court, a second attempt was made by petitioner with an CR-175, only to have the Superior Court **MISCONSTRUE THE MATTER TO SUPPORT THEIR POSITION.** Peitioner argues, the claims are exact, because, WRIT 5053 WAS NOT PRESENTED AS RECEIVED AND FILED BY THE COURT.

Writ 5551 denied the petition based on FALSITY through writ 5053 thus, denying petitioner a FAIR RULING UNDER DUE PROCESS OF THE U.S. CONST. 14th AMDT. Petitioner's claim was not based on work time credits under Penal Code § 2933, but rather, more in conjunction of petitioner exceeding over his MAXIMUM ELIGIBLE BASE DATE, see Exhibit's marked 'A' herein the Habeas Corpus petition.

Petitioner prays for this Supreme Court to move, to move rendering a FAIR JUDGMENT ON PETITIONER's CLAIM FOR EXCEEDING OVER HIS MAXIMUM ELIGIBLE BASE DATE, then to apply any or further relief which deems proper.

//                                                                                          //

//                                                                                          //

//                                                                                          //

2.

E X H I B I T S    M A R K E D    'A'

Query1

| DATE | A | CDC | ADRESSEE |
|---|---|---|---|
| 3/30/2007 | SANTIAGO | C45939 | ATTY GEN JERRY BROWN SAC CA 95814 |
| 3/30/2007 | SANTIAGO | C45939 | SUPERIOR CRT CA COUNTY OF S.F. S.F. CA 94601 |
| 6/4/2007 | VANEGA | C45939 | SUPERIOR CRT OF S.F. DEPT. #27 S.F. CA 94103 |

6/11/2007

E X H I B I T S    M A R K E D    'B'

FROM: Santiago Vanega, C-45939
    S4-21-F7 UP, P.O. Box 4000
    Vacaville, Calif. 95696

    May 26, 2007

  TO: Superior Court of California
    County of San Francisco,
    850 Bryant Street, Rm. #101
    San Francisco, Calif. 94103

Re: Santiago Vanega, Superior Court No: 206195 Requesting
    An Status Update For Writ of Habeas Corpus.

Dear Clerk of The Court,

I Santiago Vanega, In Good Faith Is Hereby Notifying This
Superior Court Regarding A Habeas Corpus Mailed Out For
Your Review, March 30, 2007, Executed April 6, 2007 Which
Was Addressed And Forwarded To This Superior Court Of
San Francisco.

The Documents Served Are: One Petition Writ MC-275;
One Writ For Habeas Corpus; One Petition For Time Delay;
One Declaration For Indigency And Exhibits Included Therein.

This Superior Court Has Not As Yet Notified This Writer
To When The Petition Had Been Received And Filed. Could You
Please Give Me A Status Update?

Thank You So Much For Your Professionalism, Time And Efforts
I Look Forward For Your Response, Have A Bang Up Day.

Respectfully,  Santiago Vanega

FROM: SANTIAGO VANEGA, C-45939
S4-21-F7 UP, P.O. BOX 4000
VACAVILLE, CALIF. 95696

MAY 26, 2007
TO: OFFICE OF THE ATTORNEY GENERAL
1300 I STREET
SACRAMENTO, CALIF. 95814

RE: SANTIAGO VANEGA, SUPERIOR COURT NO: 106195 REQUESTING AN STATUS
UPDATE FROM SUPERIOR COURT OF SAN FRANCISCO.

DEAR ATTORNEY GENERAL,

I SANTIAGO VANEGA, IN GOOD FAITH HEREBY IS NOTIFYING THIS OFFICE
REGARDING AN HABEAS CORPUS DATED APRIL 6, 2007 WHICH WAS AD-
DRESSED AND FORWARDED TO THIS OFFICE AND THE SUPERIOR COURT
OF SAN FRANCISCO.

THE DOCUMENTS SERVED ARE: ONE PETITION WRIT MC-275; ONE
WRIT ON HABEAS CORPUS; ONE PETITION FOR TIME DELAY; ONE DECLARATION
FOR INDIGENCY AND EXHIBITS INCLUDED THEREIN.

THE SUPERIOR COURT OF SAN FRANCISCO HAS NOT AS OF YET
NOTIFIED THIS WRITER TO WHEN THE PETITION WAS FILED,
COULD YOU PLEASE GIVE THIS WRITER STATUS UPDATE?

THANK YOU VERY MUCH FOR YOUR PRECIOUS TIME, I PATIENTLY
AWAIT ON YOUR RESPONSE, HAVE A GREAT DAY.

RESPECTFULLY, Santiago Vanega

E X H I B I T S    M A R K E D  'C'

CR-175

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: <br> E-MAIL ADDRESS <br> *(optional):*          FAX NO.: <br> ATTORNEY FOR *(Name):* | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   SAN FRANCISCO

In re **Santiago, Vangea**

DEFENDANT: **D.K. SISIO, WARDEN OF C.S.P.SOLANO** , on habeas corpus

Date of birth:          California Dept. of Corrections No. *(if applicable):*
Dec. 16 - 1962     C-45939

**NOTICE AND REQUEST FOR RULING**
(Cal. Rules of Court, rule 4.551(a)(3)(B))

CASE NUMBER(S):

---

I, Santiago, Vangea         , filed a petition for writ of habeas corpus in the
above entitled case in the Superior Court of California, County of *(name):*
San Francisco, California     on *(date):* April 4, 2007         .

As of this date, I have not received a ruling on the petition within 60 days of
filing as required by rule 4.551(a)(3)(A) of the California Rules of Court.
Therefore, I request that the court rule on the petition. (California Rules of
Court, rule 4.551(a)(3)(B).) A copy of the original petition for writ of habeas
corpus is attached to this *Notice and Request for Ruling.*

I declare under penalty of perjury under the laws of the State of California
that the foregoing is true and correct.

Date: June 18, 2007
      Santiago, Vangea                        *(signature)*
      (TYPE OR PRINT NAME)                    (SIGNATURE)

**NOTICE AND REQUEST FOR RULING**
(Criminal)

THOMSON
WEST

Cal. Rules of Court, rule 4.551(a)(3)(B)

4.    Section §190, (second degree murder), state that the provisions of article 2.5 (commencing with §2930) of chapter 7 of title 1 of part 3 of the penal code shall apply to reduce ·the term.    Section §2933 was not enacted until 1982, Id. at 53.    Section §190 was enacted in 1978, when article 2.5 did not include §2933; therefore §190 does not refer to §2933, Id. at 53-56.    So §190 prisoner(s) may not receive §2933 credits.

5.    The Califorina Department of Corrections & Rehabilitation implemented the Attorney General's opinion by denying past and future §2933 credits to affect prisoners.    The California Appellate Court, while upholding the Attorney General's opinion, required credits earned before the opinion to be restored, In re Monigold, (1988), 205 Cal.App.3d 1224.    In June 1988, the voters approved proposition 67, which modified §190 by adding a section.    The modification did not change the wording of former §190, now §190(a), which still stated that article 2.5 shall apply to reduce a prisoner(s) term.    The California Appellate Court later ruledthatthe passage of proposistion 67 had no effect on the entitlement of §190 prisoners to earn §2933 worktime credits. In re Oluwa, (1989), 207 Cal.App.3d 439, 446-447.

6.    California Code & Regulations Title 15, Div. 2, Sec. 2000 (65) defines maximum term reads in part: "The longest statutory period of time an ISL non-life 1168 or life prisoner may remain under the jurisdiction of the Board.

7.    In the first instance, petitioner printed his name, Santiago Vanega, and signed his name to time credit waiver P.C. §2934, which was accepted by the Department of Corrections, effective December 22, 1982, in which the waiver is Irrevocable.

## II. CONTENTIONS

8.    Venue for petitioner's action is proper here becausethe Department of Corrections case records has violated petitioner's rights to Due Process and default of contract.

9.    Exhaustion of Adminstrative remedies is not required because the remedy provided by CDC is unavailableand because exhaustion would be futile.

10.    California Department of Corrections has violated Government Codes §§ 11342.1, and 11342.2, which conflict in laws, and violated his due process protected by the U.S. Const's 14th, by failing to reduce any minimum term of 15 or 25 years to life in a State prison imposed pursuant to sections §1168, §190, and article 2.5 of chapter 7 of title 1 of part 3 of the penal code. Respondent has refused to consider petitioner's base date of September

4.   Section §190, (second degree murder), state that the provisions of article 2.5
(commencing with §2930) of chapter 7 of title 1 of part 3 of the penal code shall apply to
reduce the term.   Section §2933 was not enacted until 1982, Id. at 53.   Section §190 was
enacted in 1978, when article 2.5 did not include §2933; therefore §190 does not refer to
§2933, Id. at 53-56.   So §190 prisoner(s) may not receive §2933 credits.

5.   The Califorina Department of Corrections & Rehabilitation implemented the Attorney
General's opinion by denying past and future §2933 credits to affect prisoners.   The
California Appellate Court, while upholding the Attorney General's opinion, required credits
earned before the opinion to be restored, In re Monigold, (1988), 205 Cal.App.3d 1224.   In
June 1988, the voters approved proposition 67, which modified §190 by adding a section.   The
modification did not change the wording of former §190, now §190(a), which still stated that
article 2.5 shall apply to reduce a prisoner(s) term.   The California Appellate Court later
ruledthatthe passage of propostision 67 had no effect on the entitlement of §190 prisoners to
earn §2933 worktime credits. In re Oluwa, (1989), 207 Cal.App.3d 439, 446-447.

6.   California Code & Regulations Title 15, Div. 2, Sec. 2000 (65) defines maximum term
reads in part: "The longest statutory period of time an ISL non-life 1168 or life prisoner
may remain under the jurisdiction of the Board.

7.   In the first instance, petitioner printed his name, Santiago Vanega, and signed
his name to time credit waiver P.C. §2934, which was accepted by the Department of
Corrections, effective December 22, 1982, in which the waiver is Irrevocable.

## II. CONTENTIONS

8.   Venue for petitioner's action is proper here becausethe Department of Corrections
case records has violated petitioner's rights to Due Process and default of contract.

9.   Exhaustion of Adminstrative remedies is not required because the remedy provided by
CDC is unavailableand because exhaustion would be futile.

10.   California Department of Corrections has violated Government Codes §§ 11342.1, and
11342.2, which conflict in laws, and violated his due process protected by the U.S. Const's
14th, by failing to reduce any minimum term of 15 or 25 years to life in a State prison im-
posed pursuant to sections §1168, §190, and article 2.5 of chapter 7 of title 1 of part 3
of the penal code.   Respondent has refused to consider petitioner's base date of September

2

14, 2001, as his maximum eligible parole date, as determine by the number of years for which the petitioner has already served which exceeds over the maximum time required by statute.

P R A Y E R   O F   R E L I E F

Petitioner is without remedy save by writ of Habeas Corpus. WHEREFORE, petitioner prays the Court:

1. Issue a writ of Habeas Corpus;

2. Declare the rights of petitioner;

3. Order the Department of Corrections & Rehabilitation to review petitioner's §2933 credit claim, as proscribed by contract, within the P.C. §2934 waiver;

4. Appoint counsel for immediate release; and

5. Grant any and all other relief found necessary or appropiate.

Dated: 7 - 18 - 007

Respectfully,

Santiago Vanega Pet.
PETITIONER IN PRO PER

V E R I F I C A T I O N

I Santiago Vanega, am the petitioner herein; I have read the forgoing petition for writ of Habeas Corpus and the facts state therein are true of my own knowledge, except to matters that are therein state on my own information and belief, and as to those matters I believe them to be true.

I declare under the penalty of perjury that the forgoing is true and correct and that this declaration was executed on April 26, 2007 at CSP - Solano, Vacaville, California.

Santiago Vanega

3

1. On April 14, 1982, petitioner was sentenced to 15 years to life, on the violation of pen.code sect. §187, 2nd degree murder, with an gun-enhancement, pen.code sect. §12022.5, that procluded an Indeterminate sentence.

2. On April 14, 1982, petitioner, was also charged with a second count, on the violation of pen.code sect. §211, robbery, which carried a term of 5 years added the gun enhancement of 2 years, carried a total determinate term of 7 years.

3. On April 14, 1982, the 7 year term was a determinate sentence which was to be served first before the Indeterminate term was too start. The terms were too be served consecutively.

4. On September 22, 1982, petitioner signed a pen.code sect. §2934 time credit waiver, to waive his rights to the provision of section §2931, requesting that future time credits be granted in accordance with section §2933 of the penal code, this waiver was "IRREVOCABLE."

5. From April 19, 1991, on through March 22, 1996, and continuing into this present date of April 28, 2007, petitioner has completed various vocations, and has held a full-time work assignment within work group 'A.'

6. Work group 'A' consist of one day credit for each day assigned, the work credits are applied to pen.code sect. §1168.

7. On September 11, 1986, CASE RECORDS STAFF, R.J. Messineo, calculated that petitioner's minimum parole hearing was February 14, 1994, which took precedent January 1993.

8. On June 16, 1992, CASE RECORDS STAFF, R. Gonzael, recalculated that petitioner's maximum base date is September 14, 2001, which has far exceeded over the time for his release.

9. Under section, §1168, a period of parole shall not exceed 3 years, but is contrary to the sentencing judge's order(s), by stating, "the period of parole shall not exceed 5 years, on April 14, 1982.

10. Petitioner asserts, credit provisions create an pre-expiration liberty interest and the Board and Department of Corrections has designed regulations which are inconsistent to Federal and State statutes.

// .                                                                                    //


//                                                                                      //

//                                                                                      //

4

## I. PETITIONER's PENALTY STATUTE WITH ITS CREDIT PROVISIONS CREATE A PRE-EXPIRATION LIBERTY INTEREST AND THE BOARD LACKS JURISDICTION TO PROMULGATE REGULATIONS THAT ARE INCONSISTENT WITH THE GOVERNING STATUTES

· Petitioner contends, that he has exceeded over the maximum eligible base date, which was September 14, 2001, which was re-calulated by R. Gonzael, CASE RECORDS STAFF, on June 16, 1992, pursuant to In re Monigold, (1988), 205 Cal.App.3d 1224, (SEE EXHIBITS MARKED 'A').

Petitioner argues, when the determinate sentence act was enacted and became opertive on July 1, 1977, the Legislature mandated in pen.code sect. §3000 subd.(a), in pertinent part: "at the expiration of a term of imprisonment of one year and one day, or a term of imprisonment imposed pursuant to section 1170, or at the expiration of such term as reduced pursuant to section §2931, if applicable, the prisoner shall be released on parole. . . .The only exception to this rule is a person sentenced to life as described in pen.code sect. §3000 subd.(b), which read's in pertinent part: "In the case of any prisoner sentenced under section §1168, the period of parole shall not exceed three (3) years in the case of a prisoner imprisoned under a life sentence, and shall not exceed one year (1) in the case of a prisoner whose prison sentence does not consist of imprisonment under a life sentence. . . ." (Stats. 1976, ch. 1139, §278 p. 5150) See Greenholtz vs. Inmates of the Nebraska Penal & Correctional Complex, 421 U.S. 1, at p. 7 (1979).

In In re Estrada, it says, "A criminal statute is amended after the prohibited act is committed, but before final judgment, by mitigating the punishment. What statute prevails as to the punishment, the óne in effect when the act was committed or the amendatory act? That is the question presented by this petition. In People v. Harmon, 54 Cal.2d 9, [4 Cal.Rptr. 161, 351 P.2d 329], this court in a 4-to-3 decision held that the punishment in punishment provided by the amendatory act should be imposed. A legislative mitigation of penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law. Nothing is to be gained by imposing the more severe penalty after such a pronouncement; the excess in punishment can, by hypothesis, serves no purpose other than to satisfy a desire for VENGEANCE." See In re Estrada, (1965), 63 C.2d 745-746, 48 Cal.Rptr. 172, 406 P.2d 948.

Petitioner first asserts that the language quoted in the above case compared with the verbatim by the sentencing judge, the Honorable Arlo Smith, on April 14, 1982, are inconsistent. The judge concluded, "parole, pursuant to section 3000, commences upon defendant's release from State prison. The period of parole shall not exceed five years unless parole is suspended and the defendant is returned to custody for violation of parole. In any case, the period under parole supervision or in custody shall not exceed seven years from the date of initial parole." See (RT April 14, 1982, p.7 L. 5-11), see (EXHIBITS MARKED 'B'). Secondly, petitioner asserts that he signed a waiver, pen.code sect. §2934 to receive §2933 credits in place of §2931 credits, in which a contract in-sued, induced by the California Department of Corrections, and accepted by the Dept. of Corrections, effective December 22, 1982, but was never honored.

Petitioner argues, felonies are divided into two categories: those for which sentence is imposed under section §1168, subdivision (b), and those for which sentence is imposed under section §1170. Persons convicted of crimes for which three periods of imprisonment are specified as punishment, and this includes the vase majority of felonies, are sentenced under section §1170. The remaining crimes, for which sentence is imposed under section §1168, subdivision (b) are those felonies punishable by death, by life imprisonment, or by imprisonment for not more than a year and a day. A life sentence with possibility of parole under the new law combines features of the DSL and ISL sentencing systems. Parole release dates are to be set "in manner that will provide uniform terms of offenses of similar gravity and magnitude in respect to their threat to the public." (§ 3041, subd. (a).) If this threat to the public is sufficiently grave, however, the CRB may postpone the setting of a release date (§ 3041, subd. (b).) The CRB's regulations state: "regardless of the length of time served, a life prisoner shall be found unsuitable for, and denied parole if in the judgment of the panel the prisoner will pose an unreasonable risk of danger to society if release from prison." (Cal.Admin.Code, Tit. 15, § 2281, subd.(a).) The master retroactivity provision of the UDSA is section §1170.2, in general it provides that for prisoners who committed determinate sentence offenses before July 1, 1977, and therefore were sentenced under the old law, the CRB is to calculate a parole release date by following procedures similar to those specified for DSL under §1170. In

6

the case of any prisoner who ~~committed~~ a felony prior to July~~~~, 1977, who would have been sentenced under section 1168, if the felony was committed on or after July 1, 1977, the Community Release Board shall provide for release from prison as provided for by this code.

In Way v. Superior Court, supra, 74 Cal.App.3d 165, the court upheld determinate sentence offenses against a contention that the provisions violate the constitutional doctrine of separation of powers. The court concluded that the provisions constituted a Legislative pardon (at pp. 176-177) and that the power of pardon is vested exclusively in the executive (at pp. 173-176) but nevertheless decided that there was no improper invasion of the executive power because the retroactivity provisions did not constitute an "act of mercy, grace, or forgiveness toward past offenders, such as characterizes true commutations" (at p. 177) and that the retroactivity feature was merely incidental to the proper Legislative function of revising the penal laws.   Way, was recently cited with approval in a unanimous decision by our Supreme Court, (Younger v. Superior Court, 21 Cal.3d 102, 117-118, [145 Cal.Rptr. 674, 577 P.2d 1014].)   We therefore take it as settled the Legislation reducing punishment for crime may constitutionally be applied to prisoners whose judgments have become final.   Under the reasoning of Estrada, supra, 63 Cal.2d 740, the Legislature must be presumed to have intended that such prisoners receive the benefit of the penalty reduction in the absence of an express provision barring or limiting retroactivity.   See People vs. Community Release Bd., (1979), 96 Cal.App.3d 800, 158 Cal.Rptr. 238.

Petitioner contends, the merger clause within the parole eveidence rule exemplifies the doctrine that renders any evidence of a prior or contemporaneouse understanding of the parties inadmissible if offered to contradict or modify the terms of a written agreement. Prior agreements and understandings, oral or written, are not affected by a subsequent written contract if they are not inconsistent in meaning and operation even though they deal in some way with the same subject matter unless there is a merger clause stating that the written agreement is intended as exclusive for a finding by the court to that effect, see Generally 3 Corbin, Contracts §§ 573-596 (1960); Restatement, Contracts 2d §§ 213-218, see Barron's Law Dictionary, 3 ed. PAROLE EVIDENCE RULE (1991).

Petitioner claims that the P.C. sect. §2934 waiver was accepted by the Department of Corrections to replace §2931 one day for two credit with §2933 day of day credits, but the

Department of Corrections written contract agreement did not relflect purposes to grant the §2933 day for day credits, there was no MERGER CLAUSE involved, and the agreement is inconsistent with the terms agreed upon.

## POINTS AND AUTHORITIES IN SUPPORT
## OF PETITION FOR WRIT OF HABEAS CORPUS
## II. CONTRACT CLAUSE VIOLATED PETITIONER's DUE PROCESS

Petitioner argues, Miller filed this petition under 28 U.S.C. §2254, claiming his Due Process and contract clause rights were violated when the State refused to comply with the terms of the §2934 waiver, which Miller asserts is a binding and "IRREVOCABLE" contract. Miller argues the §2934 waiver was a valid and enforceable contract that bound him and the State. See Miller vs. Rowland, (9th Cir. 1993), 999 F.2d 389.

The Department of Corrections has refused work time credits under section §2933, under compulsion of an attorny General's opinion (70 Ops.Cal.Atty.Gen. 49 (1987)) and a Court of Appeal decision (In re Monigold (1988) 205 Cal.App.3d 1224 [253 Cal.Rptr. 120]), both of which reasoned that "[S]ection 2933....Is expressly applicable only to those prisoners sentenced to determinate terms under Penal Code section 1170." And "does not cover persons. . .who are serving Indeterminate terms [under section 190] and were sentenced under Penal Code section 1170." (Monigold, supra, p. 1227; Ops.Cal.Atty.Gen., supra, p. 57.) Another basis for the conclusion of the Attorney General's opinion and the Monigold decision was that section §190 is part of the Brigg's Initiative, a measure which was enacted before section §2933 was passed and therefore cannot be modified by incorporating section §2933 into it, since such a modification would result in a sentencing scheme not intended by the voters. (See In re Oluwa (1989) 207 Cal.App.3d 439, 445-446 [255 Cal.Rptr. 35].)    See In re Diaz, (1993), 13 Cal.App.4th 1758, 17 Cal.Rptr.2d 395.

Petitioner also argues, section §190 is an initiative meausre which cannot be modified by subsequent Legislative enactments not haaving the requisite majority for altering an voter initiative. (In re Oluwa, supra, 207 Cal.App.3d at pp. 445-446; see Cal.Const., art. II, sec. 10, subd.(c).)  California law proscribes modification of a voter initiative by Legislative enactments "unless the initiative meausre itself permits amendment or repeal without voter approval." (In re Oluwa, supra, 207 Cal.App.3d at pp. 445-446; Cal.Const. art. II, sec. 10(c), supra.)  It follows that the punishment prescribed by section §190 may not be modified by the

8

subsequently enacted recidivist statute providing an entirely different sentencing scheme. Petitioners are not entitled to credits under section §2933, unless such credits have already been promised to them by officials of the Department of corrections. See In re Diaz, (1993), 13 Cal.App.4th 1760, 1762, 17 Cal.Rptr.2d 395.

Petitioner asserts that one, the Department of Corrections has not honored their contract to have petitioner receive section §2933 credits, and secondly, CDC is implementing confusion, implying the Indeterminate sentencing scheme into a determinate sentencing scheme, which is in violation of contract law.

Petitioner argues, an Administrative Agency, including an Administrative Agency, created by construction or an initiative statute has no power: (a) to declare a statute unforceable, or to refuse to enforce a statute, on the basis of it being unconstitutional, unless an Appeallate Court has made a determination that such statute is unconstitutional. See California Constitution Art., III, sec. 3.5.

The California department of Corrections & Rehabilitation cannot modify a sentence after it has begun. The statute supersedes Administrative law, "the authority of an Administrative Agency to adopt regulations is limited by the enabling Legislation." [A]n Administrative regulation must be within the scope of authority conferred and in accordance with standards prescribed by other provisions of law, (Govt. Code § 11342.1) See Bearden vs. Borax Inc., (2006), 138 Cal.App.4th 429.

To be valid, an Administrative regulation must be within the scope of the authority conferred by the enabling statutes (Woods v. Superior Court (1981) 28 Cal.3d 668, 680 [120 Cal.Rptr. 484, 620 P.2d 1032]. Nothing in this chapter confers authority upon or aguments the authority of any State Agency to adopt, enforce, or administer any regulation. Each regulation adopted, to be effective shall be within the scope of authority conferred and in accordance with standards prescribed by other provisions of law. See Government Code § 11342.1.

According to the Civil code, a contract is to be interpreted according to the law and usage of the place where it is to be prepared, or if it does not indicate a place of preformance, according to the law and usage of the place where it was made. CC §1646 The code of Civil procedure is more limited, stating, as a general principle of evidence, that the

language of a writing is to be interpreted according to the meaning it bears in the place of its execution, unless the thatthe Civil code provision is not exclusive but <u>must</u> be applied in·harmony with all other provisions of the code relating to the interpretation of contracts, to the end that the true intention of the parties is carried out.   See <u>Eaton</u> vs. <u>Thieme</u>, (1936), 15 Cal App 2d 458, 59 P2d 638.

Petitioner further argues, actual fraud, within the meaning of this chapter, consists in any of the following acts, committed by a party to the contract, or with his connivance, with intent to decevie another party thereto, or to induce him to enter into the contract:

1. The suggestiion, as a fact, of that which is not true, by one who does not believe it to be true;

2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true, though he believes it to be true;

3. The suppression of that which is true, by one having knowledge or belief of the fact;

4. A promise made without any intention of performing it or,

5. Any other act fitted to deceive.   See <u>Deering's Civil Code § 1572</u>.

Fraud is either actual or constructive. See <u>Deering's Civil Code § 1571</u>.

Petitioner contends, that the Department of Corrections did not fulfill their duties in compliance within the structure of the §2934 waiver, thus leaving petitioner under an undue influence, by obtaining an unfair advantage over him pursuant to Civil Code section §1575(1) and (3).   CDC's action exacts in a violation of petitioner's Due Process rights under the 8th and 14th amendments.   The Eighth amendment is a constituent under the Due Process Clause of the Fourteenth amendment, also petitioner was connivied by all subsections 1-5 within the above section § 1572 of the civil code, because he did not receive the §2933 credits negotiated by the Department of Corrections.

Petitioner argues, section §2933 does not create a liberty interest in work credits forprisoners who have not engaged in any work that would entitle them to such credits. (Toussaint v. McCarthy, (9th Cir. 1986) 801 F.2d 1080, 1095) See <u>Brodheim</u> vs. <u>Rowland,</u> (9th Cir. 1993) 993 F.2d 717.

Petitioner asserts, that Bodheim is inapplicable to him in this action because, he has engaged in a host of various vocation courses, and has worked without any adverse action, (See EXHIBITS MARKED 'C').

Evidence shows that under existing law the BPT has no authority to determine or impose the length of time of imprisonment in case of any prisoner who committed a felony after July 1, 1977; when the punishment or confinement is left undetermined between certain limits. Nor is there any authority to re-determined between certain limits. Nor is there any authority to re-determine a term of imprisonment determined or imposed by statute, in the case of any prisoner who committed a felony after July 1, 1977. The BPT theoretical study of release on parole is not consistent with the theory of parole under exsisting law. See California Penal Code, section §2930-2933 subd.(c).

A prisoner's minimum eligible parole date is established by statute. See California Penal Code, section §2930-2933 subd.(b).

Petitioner asserts, that the Department of Corrections failed to coduct adjustments offered within the meaning of pre-conviction factors. Petitioner argues:

1. PRIOR PRISON TERMS: Felony convictions which were so serious that they resulted in a prison sentence shall be given the greatest weight.

2. PRIOR FELONY CONVICTIONS PLED AND PROVEN: Prior felony convictions which did notresult in a prison term, but which were pled and proven as part of the current sentence to prison are usually given lesser weight.

3. OTHER CONVICTIONS: Other criminal conduct which resulted in conviction, but did not result in a prison term and was not plead and proven as part of the present sentenceto prison is usually given least weight.

4. LACK OF CRIMINAL HISTORY: A complete lact of or very minor criminal history may reduce the total period of confinement.

See California Code & Regulations Tit. 15, Div. II, sec. 2322.

Petitioner asserts, he does not meet or fall within the above mentioned criteria set forth in Title 15, Div. II, sec. 2322 subsections 1-4, and the Department of Corrections failed to make these adjustments because petitioner's now served up to a total of twenty-five (25) years of incarceration without any regulation relief. Petitioner argues:

A time limit may be mandatory, meaning that there must be good cause to go beyond the limit with the case. (See People v. Fernandez (1999) 70 Cal.App.4th 117, 129.) The failure to comply with a statute that is mandatory results in the invalidation of the subsequent action. (People v. McGee (1977) 19 Cal.3d 948, 958.) A statute is mandatory where consequences would defeat the purpose of the statute (Edwards v. Steele (1979) 25 Cal.3d 406, 410.) Therefore, if the statute were mandatory, a failure to comply with the statute would invalidate future

11

actions of the BPT, thereby resulting in a setting of a parole date for petitioner.    See
California Dept. of Corrections vs. Morales, (1995), 514 U.S. 499, 511.

    . Parole Board had 120 days to hold a serious offender hearnig, court held it was
mandatory release.    This court must order the BPT to hold an immediate hearing.    See In re
Johnson, (1980), 107 Cal.App.3d 780.

    If the time already served by the prisoner exceeds the term set pursuant to this
article, the panel's order shall read "prisoner to be released upon time already served, and
the prisoner shall be released in accordance with article 9 of this chapter."    See
California Code Regulations tit. 15, Div. 2 sec. 2289 cl. 4.

    Petitioner further argues, no prisoner imprisoned under a life sentence maybe paroled
until he or she has served at least seven calendar years or has served a term as established
pursuant to any other section of law that establishes a minimum period of confinement under
a life sentence before eligibility for parole, whichever is greater. See Penal Code section
§ 3046.

    Petitioner contends, he has engaged in a host of various vocation classes, and has
worked without any adverse action up unto this day, so petitioner argues, the record is
replete with evidence of petitioner's remorse and rehabilitation, extensive self-improvement
through education and vocational advancements as well as therapy.    The evidence of
petitioner's outstanding performance while incarcerated is particularly significant.    To
deny a parole date must be supported by some post-conviction evidence that the release of an
prisoner is against the interest of public safety.    See Rosenkrantz vs. Marshall, 444
F.Supp.2d 1086.

## III.

### THE REMEDY IS AN IMMEDIATE RELEASE

    "For every wrong there is a remedy."  (Civ. Code § 3523.)  Even though the statutes is
mandatory, relief should be granted if the time requirements are not followed.    In In re
Bode, (1999), 75 Cal.App.4th 1002, 1005 suggest that section 1168 details the rights of
prisoner(s) as to a release date. Those rights may not be arbitrarily denied. Similarly,
the Attorney General has recognized that parole release should not be postponed
significantly past their statutory due dates. (See 64 Ops Atty.Gen. 776, 779 (1981), ["The
subsequent parole release shall be conducted pursuant to law, in which parole is not

12

denied"].)   Mandamus is an appropriate remedy to compel compliance with the statutory procedures.   (Harner, supra, 213 Cal.App.3d at 1410, f.n. 12.)

·   Perïal Code section § 190 (1993), provides: (a) Every person guilty of murder in the first degree shall suffer death, confinement in State prison for life without possibility of parole, or confinement in the State prison for a term of 25 years to life.  The penalty to be applied shall be determined as provided in  sections 190.1, 190.2, 190.3, 190.4, and 190.5. Except as provided in subdivision (b), every person guilty of murder in the second degree shall suffer confinement in the State prison for a term of 15 years to life.  The provisions of article 2.5 (commencing with section 2930) of Chapter 7 of the Title 1 of Part 3 of the Penal Code shall apply to REDUCE any minimum term of 25 or 15 years in a State prison imposed pursuant to this section, but such person shall not otherwise be released on parole prior to such time. See Penal Code section § 190, (1993).

Penal Code section § 190 (1996), provides: (a) Every person guilty of murder in the first degree shall suffer death, confinement in the State prison for life without the possibility of parole, or confinement in the State prison for a term of 25 years to life. The penalty to be applied provided in subdivision (b) or (c), every person guilty of murder in the second degree shall suffer confinement in the State prison for a term of 15 years to life.  Except as provided in subdivision (b), article 2.5 (commencing with section 2930) of Chapter 7 of Title 1 of Part 3 shall apply to REDUCE any minimum term of 15, 20, or 25 years in the State prison imposed pursuant to this section, but the person shall not otherwise be released on parole prior to that time.  [Adopted by Initiative (Prop.7) at the November 7, 1978, General Election.]  Leg.H. 1987 ch. 1006, approved by electorate (Prop.67) at the June 4, 1988, Primary Election, operative June 5, 1988, 1993 ch. 609, approved by electorate (Prop.179) at the June 7, 1994, Primary Election.  See Penal Code section § 190, (1996).

## C L O S I N G

WHEREFORE, petitioner declares here in the instant case raises an abuse of process, combined with EXTRAJUDICIAL consequences within the Board of Prison Hearings, and with the Department of Corrections.  Petitioner adds, that inter alia penal code section §190, failed to reduce his minimum term required by statute, which in deed is a procedural default that violates petitioner's 8th, and 14th, constitutional amendments and the Cal.Const. art. III, sec. 3.5; and art. I, sec. 17. REMAND FOR PAROLE RELEASE IS REQUIRED.

//                                                                                           //


//                                                                                           //

13

**E X H I B I T S    M A R K E D    'A'**

RECALCULATION OF MEPD FOR 15-LIFE AND 25-LIFE PRISONERS
RECEIVED PRIOR TO 5-27-87
PURSUANT TO IN RE MONIGOLD (1988) 205 CAL. APP. 3d 1224
NO DSL TERM OR DSL TERM COMPLETED


A. CREDITS VESTED PER PC2934 (If offense date prior to 1-1-83)
   1. Total days served prior to waiver date (**Waiver date**
      - received date + postsentence credit)          =  _____
   2. A1 ÷ 2 (round down)                              =  _____
   3. Less credits lost per PC2932                     -  _____
   4. Credits to be vested                             =  _____
====================================================================
B. MAXIMUM ELIGIBLE PAROLE DATE
   1. _____ + _____                                =  _____
      **RECEIVED DATE    TOTAL TERM**                     **BASE DATE**
   2. **Less** total preconfinement credit             -  _____
   3. **Less** A4 OR vest 1/2 postsentence credit      -  _____
   4. **MAXIMUM ELIGIBLE PAROLE DATE**                 =  _____

C. WORKTIME CREDIT PER PC2933/PC2934
   1. Less PT worktime credit earned from waiver/
      received date through 2-15-89 or end of DSL      -  _____
      term if later
   2. Current MEPD (cannot exceed B4)                  =  _____

D. GOOD TIME CREDIT PER PC2931
   1. Date credit applied through (2-15-89
      or date DSL term ends if later)      -  _____
   2. Days left to serve                   =  _____    _____
   3. Divide by 3 (round up)               =  _____
   4. PC Balance (D3 ÷ 4)                  =  _____
   5. BC Balance (D4 x 3)                  =  _____
====================================================================
E. RECALCULATED MEPD (C2 - D3)                       =  _____
   1. Add credits lost for CDC 115's after D1      + PC____ BC____
   2. Subtract restorations for credit losses in E1 - PC____ BC____
   3. New PC/BC Balance              PC=____ BC=____
   4. Add any 7 or 9 year MEPD CS Life term(s)         +  _____

F. ADJUSTED MEPD (E + E1 - E2 + E4)                  =  _____
====================================================================
G. INITIAL PAROLE CONSIDERATION HEARING              =  _____
   (13 months prior to F)                                **month/year**

H. NEXT DOCUMENTATION HEARING    #_____              =  _____
                                                        **month/year**
====================================================================
Your Minimum Eligible Parole Date has been recalculated pursuant to
In Re Monigold and you have been granted _____ days worktime credit
from _____ through 2-15-89/the end of your DSL term (circle one).
Your recalculated/adjusted (circle one) MEPD is _____. Your initial
life parole consideration hearing will be scheduled during the month
of _____/first available calendar (circle one).


_____          _____
CASE RECORDS STAFF                        DATE


_____          _____          _____
NUMBER             NAME              INSTITUTION
5/89              FORM A - SIDE 1

TIME CREDIT WAIVER
(2934PC)

PRINT NAME

I Santiago Vanoya having been committed for an offense which occured prior to January 1, 1983, understand that conduct credit is granted to me pursuant to Section 2931 of the Penal Code. I am aware that pursuant to Section 2931 of the Penal Code my term shall be reduced by one-third for good behavior and participation.

I hereby waive my rights to the provisions of Section 2931 of the Penal Code. By making the voluntary waiver, I request that future Time Credit be granted pursuant to Section 2933 of the Penal Code.

I am aware and understand that Time Credit will be granted, based upon the work group to which I am assigned as follows:

Work Group A: For each six months full-time assignment, six months credit, or one day credit for each day assigned for a lesser period.

Work Group B: For each six months of one-half day assignment or enrollment in a two or four year college program leading to a degree, three months credit, or one day credit for each two days assigned for a lesser period.

Work Group B2: For each six months on a waiting list, three months credit or one day for each two days on a waiting list for lesser period.

Work Group C: Zero credit will be earned if I refuse a full time assignment.

Work Group D: When I am in lockup status due to a disciplinary infraction zero credit will be earned for a period equal to the number of days of any credit loss, which may be extended in six month increments thereafter.

I am also aware that my work group may be changed, by the Department, due to my behavior and/or work performance. This waiver will be effective only when accepted by the Department. I am also aware that this waiver is irrevocable.

This waiver is accepted by the Department and is effective  12-22-82

Witnessed:

Title CC-T  SO

Date  12-22-82

Signed  _____

Number:  C-45939

Date:  12-27-82

5E2

MEPD
InjT- 12/9/4
Doc 7/92

CDC-916 11/82

E X H I B I T ' S    M A R K E D    ' B '

1         IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

2        IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

3            HONORABLE EDWARD STERN, JUDGE

4               DEPARTMENT NO. 27

5                ---o0o---

## FILED

MAY 27 1982

**CARL M. OLSEN, Clerk**

BY  AIDA M. CALIXTON

Deputy Clerk

8 PEOPLE OF THE STATE OF      )
9 CALIFORNIA,               )

                   )
10          Plaintiff,  )   NO. 106195

                   )
11       vs.         )   SENTENCE

                   )
12 SANTIAGO VANEGA,        )

                   )
13         Defendant.  )

                   )
14                    )

16         REPORTER'S TRANSCRIPT OF PROCEEDINGS

17              APRIL 14, 1982

19 A P P E A R A N C E S :

20 FOR THE PLAINTIFF:    HONORABLE ARLO SMITH, DISTRICT ATTORNEY
                   BY:   PAUL CUMMINS
21                         Assistant District Attorney

22 FOR THE DEFENDANT:    HONORABLE JEFF BROWN, PUBLIC DEFENDER
                   BY:   MELICIOS SANTOS
23                         Deputy Public Defender

24 REPORTED BY:
25 LORENZO FRIAR,
   CSR NO. 4233

THE ANNEXED INSTRUMENT IS A CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE. ATTEST: CERTIFIED

MAY 27 1982

CARL M. OLSEN, COUNTY CLERK OF SAN FRANCISCO, AND EX-OFFICIO CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF SAN FRANCISCO.

BY           DEPUTY

                       ---o0o---

1   in touch with you to see if you have the right to a free

2   lawyer after you have filed your notice of appeal.

3        The court reporter is ordered to have a transcript

4   of these proceedings typed.

5        Parole, pursuant to Section 3000, commences upon

6   defendant's release from state prison. Theperiod of parole

7   shall not exceed five years unless parole is suspended and

8   the defendant is returned to custody for violation of

9   parole. In any case, the period under parole supervision or

10  in custody shall not exceed seven years from the date of

11  initial parole.

12       However, if the defendant absconds, any period

13  following suspension or revocation of parole until the

14  defendant returns to custody shall not apply to the limits

15  on the parole term.

16       It is ordered that the defendant be remanded to

17  the Sheriff of this County and order that the Sheriff transport

18  the defendant to the Reception and Guidance Center at

19  Vacaville, California.

20       MR. CUMMINS:  Thank you.

21

22                     END OF PROCEEDINGS

23

24

25

26

27

28

E X H I B I T ' S   M A R K E D   ' C '

GENERAL EDUCATIONAL DEVELOPMENT
(GED) TEST RESULT

GED (CHD)

The California State Department of Education considers GED records and examinees will only be released with a written, signed request from the examinee themselves. A license them should be given to this examinee, name of testing center, date of testing, and mother's maiden name.

The social security number and mother's maiden name are requested for identification purposes. If the examinee does not give this information and then needs records at a later date, he or she must provide the State GED Office with a notarized statement verifying his or her identity in addition to providing the written, signed request described above.

| NAME OF EXAMINEE (Last Name, First Name, Middle Name) | MOTHER'S MAIDEN NAME | DATE OF BIRTH | SOCIAL SECURITY N. |
|---|---|---|---|
| Santiago Vanega | Gogonra | 12/16/62 | 851  12  5442 |

| MAILING ADDRESS TO SEND SCORE REPORT/CERTIFICATE | CITY | STATE | ZIP CODE |
|---|---|---|---|
| P.O. Box 400 – Education Department | Tracy | CA | 95378-0400 |

LANGUAGE (Please check one only.)   [x] English   [ ] Spanish   [ ] French

EDITION (Please check one only.)   [x] Regular Print   [ ] Braille   [ ] Audiocassette   [ ] Large Print

## TEST SCORE INFORMATION — Please enter appropriate information.

| | TEST DATE | FORM | STANDARD SCORE | PERCENTILE RANK FOR U.S. |
|---|---|---|---|---|
| Test 1: Writing Skills Test | 4/04/91 | AD | 53 | 51 |
| Test 2: Social Studies Test | 4/04/91 | AD | 57 | 75 |
| Test 3: Science Test | 4/05/91 | AD | 54 | 68 |
| Test 4: Interpreting Literature and the Arts | 4/05/91 | AD | 59 | 80 |
| Test 5: Mathematics Test | 4/04/91 | AD | 50 | 48 |
| | TOTAL | | 273 | |
| | STANDARD SCORE AVERAGE | | 54.6 | |

The scores on this report are the highest scores achieved by the examinee and not necessarily the most recent. If retest scores are lower than scores previously achieved, the retest scores are not reported.

CENTER IDENTIFICATION NUMBER: 3000072220

STANDARD SCORES INDICATE ONE OF THE FOLLOWING:
[x] Passed*   [ ] Incomplete   [ ] Failed*

## STATISTICAL REPORT INFORMATION — Please check (√) or enter appropriate information.

IF THE EXAMINEE USED A SPECIAL TEST MODIFICATION, INDICATE TYPE USED.

| (√) | | (√) | |
|---|---|---|---|
| | 1. Extended testing time | | 3. Variations in standard answer recording methods |
| | 2. Special reading or optical devices | | 4. Other adaptions |

HIGHEST GRADE COMPLETED (Not highest grade attended): 11

Did examinee take the test to qualify for education or training beyond the high school level?   [x] Yes   [ ] No

Was the examinee on active military duty at the time of testing?   [ ] Yes   [x] No

| NAME OF CENTER | TELEPHONE NUMBER |
|---|---|
| Kasson Adult School | (209) 466-8055 |

| ADDRESS | CITY | ZIP CODE |
|---|---|---|
| P.O. Box 400 | Tracy | 95378-0400 |

SIGNATURE OF CHIEF EXAMINER OR ALTERNATE EXAMINER: ▶ J. Sanchez   J. Sanchez

DATE: 4/19/91

* Pass or Fail as determined by state policy.

Distribution:   • White – State GED Office   • Canary – Testing Center   • Pink – Examinee

# Certificate of Completion

## Deuel Vocational Institution

### Tracy, California

This Certifies That **Santiago C. Vanega** Has completed the prescribed course of study in **Auto Mechanics** and is qualified to receive this award on this **22nd** day of **March** 19 **96**



_____
Supervisor Education

_____
Supervisor of Voc. Inst.

_____
Instructor

---

**STATE OF CALIFORNIA**
**Certificate of Educational Achievement**

Date __03/22/96__

This is to certify that __Santiago Vanega__

has completed __1370__ hours of a course in

__Auto Mechanics__ with a grade of __P__

_____
INSTRUCTOR

_____
SUPERVISOR OF EDUCATION

_____
SUPERVISOR OF VOCATIONAL INSTRUCTION



STATE OF CALIFORNIA
CDC 153-B (11/92)

DEPARTMENT OF CORRECTIONS

# Vocational Education

## CERTIFICATE OF COMPLETION

THIS IS TO CERTIFY THAT

SANTIAGO C. VANEGA

HAS SUCCESSFULLY COMPLETED

AUTO MECHANICS

SUPERVISOR OF VOCATIONAL INSTRUCTION

VOCATIONAL INSTRUCTOR

LOG # 96-19

03/22/96
DATE

California Department of Correction
VOCATION TRAINING EVALUATION REPORT

AUTO MECHANICS

| INSTITUTION | NAME, LAST | FIRST | NUMBER |
|---|---|---|---|
| DEUEL VOCATIONAL INSTITUTION | VANEGA | SANTIAGO | C-45939 |

| (COMPLETED, TERMINATED, PRE-PAROLE) | DATE ENTERED | DATE TERMINATED | HOURS REQUIRED | TOTAL HOURS COMPLETED |
|---|---|---|---|---|
| COMPLETED | 08/17.94 | ONGOING | 1200 | 1370 |

GRADE CODE: 1 SKILLED; 2 SEMI-SKILLED; 3 FAMILIAR; 4 UNSKILLED    OVERALL GRADE    P

ORIENTATION
( ) Basic

TOOLS
( ) Hand tools
(2) Hardware
( ) Precision tools
( ) Power tools

LUBRICATION SYSTEM
(2) Chassis
(2) Miscellaneous

BRAKES
( ) Hydraulic brakes
( ) Parking brakes
(4) Electric brakes
(4) Air brakes

SUSPENSIONS
(2) Tire & wheels
( ) Frames
(2) Front suspension
( ) Rear suspensions

POWER TRAINS
( ) Propeller shafts
( ) Drive axles

TRANSMISSIONS
( ) Clutch
( ) Standard
( ) Overdrive
( ) Automatics

ENGINES
( ) Fundamentals
(2) Basic types
(2) Valve service
(2) Cylinder heads
(2) Pistons & Rings
(3) Crankshafts & Bearings
(3) Camshafts
(2) Cylinder blocks
(3) Lubrication

COOLING SYSTEMS
(2) Liquid
(4) Air

FUEL SYSTEM
(2) Supply
( ) Air cleaners
(3) Manifolds & Exhaust
(2) Carburetors
(4) Fuel injection

ELECTRICAL SYSTEM
( ) Fundamentals
( ) Batteries
(4) Magnetic switches
(2) Starting
( ) DC charging
4) AC charging
( ) Ignition system
( ) Lights, Horns &
     Instruments

TUNE UPS
(2) Engine condition
(3) Ignition analysis
(2) Fuel systems

SMOG CONTROL SYSTEMS
(3) Laws
(3) PVC systems
(4) Vapor recovery
(3) Exhaust systems

ACCESSORIES
(2) Heaters
(3) Air conditioners
(2) Power system
(4) Speed control
(3) Automatic lighting

INSTRUCTOR'S EVALUATION OF EMPLOYABILITY (Job specs - U.S.Dept.of Labor Dict.of Occp. Titles)

( ) No employable skills
( ) Auto Mechanic Apprentice ..... $20.884
(X) Auto Mechanic Helper ......... $20.884
( ) Auto Refrig Mechanic .......... $20.281
(X) Auto Accessories Installer ... $06.884
(X) Auto Lubrication Man ......... $15.887
(X) Generator & Starter Repairman  $21.281
( ) Auto Tune Up Man ........... $20.281

(X) Brake Drum Lathe Operator ... $20.281
(X) Front End Man .............. $20.781
( ) Transmission Mechanic ....... $20.281
(X) Engine Repairman ........... $20.781
(X) Engine Assembler .......... $06.781
( ) Repairman, Differential .... $20.781
( ) Auto Electrician ........... $25.281
(X) Brake Man, Auto ........... $20.781

| ATTITUDE EVALUATION | ABOVE AVERAGE | ACCEPTABLE | BELOW AVERAGE |
|---|---|---|---|
| Ability to accept supervision....................... | (X) | ( ) | ( ) |
| Gets along with fellow employees.................... | | (X) | |
| Ability to profit.................................... | ( ) | | |
| Punctuality and absenteeism........................... | | (X) | |
| Initiative & ability to improve technical competency... | | (X) | |

INSTRUCTOR'S PERSONAL EVALUATION OF STUDENT:  Vanega has done well in preparing to work
on automobiles.  He works well with others and shows a desire to work in the automotive
trade.

*Robert Escobar*

Tom Bones                                3/20/96        *Robert Escobar*

Instructor's Evaluation of Employability:

| | |
|---|---|
| Auto Mechanic Helper | 620.884 |
| Auto Accessories Installer | 806.884 |
| Auto Lubrication Man | 915.887 |
| Generator & Starter Repairman | 721.281 |
| Brake Drum Lathe Operator | 620.281 |
| Front End Man | 620.782 |
| Engine Repairman | 620.781 |
| Engine Assembler | 806.781 |
| Brake Man, Automotive | 620.281 |



*State of California*

*Certificate of Completion*

**Presented to** _____ VANEGA, SANTIAGO _____

**This Award of Distinction is presented for Participation and Notable Performance**

in VOC JANITORIAL MAINTENANCE **by the State of California Vocational Training Program at Vacaville, California**

**Presented this** 30TH **day of** JUNE _____ 19 9⁻⁻

_____
J.D. SMITH
**Supervisor of Education**

_____
R.L. JOHNSON
**Vocational Instructor**

# State of California

## Certificate of Achievement

Presented to ___VANEGA, SANTIAGO___

This Award of Distinction is presented for Participation and Notable Performance in __Voc JANITORIAL MAINTENANCE__ by the State of California Vocational Training Program at Vacaville, California

Presented this __30th__ day of __JUNE__ 19 __90__



_J.D. SMITH_
Supervisor of Education

_R.L. JOHNSON_
Vocational Instructor

# PROOF OF SERVICE BY MAIL

## BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:    California State Prison - Solano
Housing:  21 - F-- UP
P.O. Box 4000
Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

Case Name: _Santiago Vanega_                    Case #: _A118576_

Document(s) Served: _1, Writ of Habeas Corpus; 1, Writ MC-275; 1, Petition_
_for Time Delay; 1, Declaration of Indigency._

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

THE CALIFORNIA SUPREME COURT
350 McAllister Street,
San Francisco, California  94102-7303

I declare under penalty of perjury that the foregoing is true and correct.  This declaration was executed on _September 22, 2007_____, in Vacaville, California.

"*date*"

Signature:    _Santiago aneye-_

Printed Name: _Santiago Vanega_

## PROOF OF SERVICE BY MAIL

### BY PRISONER "IN PRO PER"

I hereby certify that I am over the age of 18 years of age, that I am representing myself, and that I am a prison inmate.

My prison address is:     California State Prison - Solano
                          Housing: 21 - F - UP
                          P.O. Box 4000
                          Vacaville, California 95696-4000

On the "*date*" specified below, I served the following document(s) on the parties listed below by delivering them in an envelope to prison authorities for deposit in the United States Mail pursuant to the "Prison Mailbox Rule":

Case Name: SantiagoVanega                          Case #: A118576

Document(s) Served: 1, Writ of Habeas Corpus; 1, Writ MC-275; 1, Petition for Time Delay; 1, Declaration of Indigency.

The envelope(s), with postage fully pre-paid or with a prison Trust Account Withdrawal Form attached pursuant to prison regulations, was/were addressed as follows:

THE OFFICE OF THE ATTORNEY GENERAL
1300 I STREET,
FIRST FLOOR,
SACRAMENTO, CALIFORNIA  95814

I declare under penalty of perjury that the foregoing is true and correct. This declaration was executed on September 22, 2007          , in Vacaville, California.

                    "*date*"

                          Signature:  Santiago Vanega

                          Printed Name: Santiago Vanega